IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| DON BLANKENSHIP,<br><br>               Plaintiff,<br><br>v.<br><br>KEVIN MCLAUGHLIN, et al.,<br><br>               Defendants. | Case No.: 1:20-CV-00429<br><br>[Honorable Leonie M. Brinkema] |

**PLAINTIFF DON BLANKENSHIP'S OPPOSITION TO DEFENDANT BRADLEY BLAKEMAN'S MOTION TO STAY PROCEEDINGS AGAINST HIM**

**I.    INTRODUCTION**

Plaintiff Don Blankenship ("Plaintiff" or "Mr. Blankenship") opposes Defendant Bradley Blakeman's ("Defendant" or "Mr. Blakeman") motion to stay further proceedings against him (ECF No. 45) (the "Motion"). Defendant has filed a Notice of Appeal (ECF No. 43) of the Court's order (ECF No. 15) (the "Order") denying his motion to dismiss Plaintiff's complaint on the basis of the Virginia anti-SLAPP statute (Va. Code § 8.01-223.2). Although Defendant claims that his Notice of Appeal "operates as a matter of law to stay further proceedings in this Court against Blakeman," the law of the Fourth Circuit is otherwise. Defendant conflates the law of other circuits concerning other anti-SLAPP statutes in an attempt to argue that the Court's Order is appealable, and that an appeal therefrom stays proceedings here. Neither is true. Nor should the

572749.1

Court grant a discretionary stay of proceedings as to Mr. Blakeman, as that would needlessly disrupt and delay these proceedings.

## II. PERTINENT PROCEDURAL HISTORY

Plaintiff filed his Complaint against Blakeman and another defendant, Kevin McLaughlin, on April 17, 2020. Dkt. #1. On June 29, 2020, Blakeman filed a Motion to Dismiss the Complaint under F.R.C.P. 12(b)(6). Dkt. #15. In support of his Motion to Dismiss, Blakeman argued that Plaintiff had failed to plead sufficient facts to constitute causes of action against Blakeman for defamation and conspiracy. Dkt. #16, pp. 16-34.[1] Blakeman also argued Plaintiff's claims were barred by Va. Code § 8.01-223.2 (the "Virginia Anti-SLAPP Law"). *Id.,* pp. 34-36. On August 5, 2020, the Court issued an order denying Blakeman's Motion to Dismiss. Dkt. #39. On August 12, 2020, Blakeman filed a Notice of Appeal purporting to appeal "from the District Court's Order of August 5, 2020 (ECF No. 39), denying Blakeman's motion to dismiss on the basis of his immunity under Virginia's anti-SLAPP statute, Va. Code Ann. § 8.01-223.2 (ECF No. 15)." Dkt. #43. Blakeman then filed the instant motion to stay further proceedings against him in this Court. Dkt. #45-46.

## III. LEGAL STANDARDS

"[I]t is well recognized that filing a notice of appeal to a non-appealable order does not deprive the district court of jurisdiction." *LMRT Associates, LC v. MB Airmont Farms, LLC*, 447 B.R. 470, 474 fn. 7 (Bankr. E.D. Va. 2011); *see also United States v. Jones*, 367 Fed. Appx. 482, 484 (4th Cir. 2010), citing *Ruby v. Secretary of United States Navy*, 365 F.2d 385, 389 (9th Cir.

---

[1] For clarity, all page references to documents on the Court's docket refer to the page numbers applied by the filing system at the top of the page, rather than any internal pagination the documents may have.

2

1966). Ordinarily, only "final decisions" of Federal courts are appealable orders. 28 U.S.C. § 1291. Therefore, "[o]rdinarily, appellate jurisdiction is lacking to hear an appeal from an order denying a Rule 12(b)(6) motion to dismiss since such an order is interlocutory in nature." *Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 225 (4th Cir. 1997). However, certain interlocutory orders may nonetheless be appealable under the Collateral Order Doctrine where they concern an "entitlement not to stand trial under certain circumstances[,]" that is, an "immunity from suit rather than a mere defense to liability[.]" *Mitchell v. Forsyth*, 472 U.S. 511, 525-526 (1985). Conversely, an order concerning a purported immunity which is in fact an "immunity from liability only" (i.e. a mere defense to liability) is reviewable only on appeal from a final judgment and not as an interlocutory appeal. *Gray-Hopkins v. Prince George's County, Maryland*, 309 F.3d 224, 231-232 (4th Cir. 2002). The Court "must look to substantive state law…in determining the nature and scope of a claimed immunity." *Id.* at 231, citing *In re City of Philadelphia Litigation*, 49 F.3d 945, 957 (3rd Cir. 1995). Where an order on a motion to dismiss contains both a determination of an immunity and a determination of whether the complaint states a cause of action, **only the portion concerning the immunity is appealable,** and the reviewing court lacks jurisdiction to consider the unappealable portion. *See Bledsoe v. Vanderbilt,* 934 F.3d 1112, 1121 (10th Cir. 2019).

    IV.    **ARGUMENT**

        A.  **Blakeman's Appeal Concerns Only the Anti-SLAPP Issue, As Whether Plaintiff Has Stated Sufficient Facts Is Not Appealable, and Blakeman's Notice of Appeal Concedes This**

An order denying a motion to dismiss for failure to state a claim is not a "final decision" but an interlocutory order. *Suarez Corp. Indus., supra*, 125 F.3d at 225; *Jenkins v. Medford,* 119

F.3d 1156, 1159 (4th Cir. 1997). While an appellate court may review an order to the extent it concerns the denial of an immunity from suit, it does not have jurisdiction over the question of whether the complaint otherwise contains sufficient facts to state a cause of action. *See Bledsoe, supra,* 934 F.3d at 1121. In recognition of this fact, Blakeman's Notice of Appeal identifies only the portion of the Court's order concerning the Virginia Anti-SLAPP Law. Dkt. #43.[2] Blakeman's arguments must therefore be examined through this lens, particularly his arguments in favor of a discretionary stay, as he has not shown that he is likely to prevail on the narrow anti-SLAPP issue presented by his purported appeal.

## B. The Plain Language of the Virginia Anti-SLAPP Statute (Va. Code § 8.01-223.2) Provides an Immunity From Liability, Not Suit

The Virginia Anti-SLAPP Statute (Va. Code § 8.01-223.2) provides, in pertinent part:

> A. **A person shall be immune from civil liability** for a violation of § 18.2-499, a claim of tortious interference with an existing contract or a business or contractual expectancy, or a claim of defamation based solely on statements (i) regarding matters of public concern that would be protected under the First Amendment to the United States Constitution made by that person that are communicated to a third party…. The immunity provided by this section shall not apply to any statements made with actual or constructive knowledge that they are false or with reckless disregard for whether they are false. (emphasis added.)

It is a settled principle both in Virginia and the Fourth Circuit that "unless there is some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language…." *In re Sunterra Corp.,* 361 F.3d 257, 265 (4th Cir 2004), *citing Hillman v. I.R.S.,*

---

[2] "Defendant Bradley Blakeman…hereby appeals to the United States Court of Appeals for the Fourth Circuit from the District Court's Order of August 5, 2020 (ECF No. 39), denying Blakeman's motion to dismiss **on the basis of his immunity under Virginia's anti-SLAPP statute**, Va. Code Ann. § 8.01-223.2 (ECF No. 15). This collateral-order appeal **on the grounds of anti-SLAPP immunity** operates as a matter of law to stay further proceedings against Blakeman in this Court, pending disposition of the appeal by the Fourth Circuit."

264 F.3d 338, 342 (4th Cir. 2001); *see also In re Dornier Aviation (North America), Inc.,* 320 B.R. 831, 837 (2005) ("When a statute is unambiguous on its face, the Court may not read into its language unstated or implied meaning."); *Brown v. Lukhard,* 229 Va. 316, 321 (1985) ("If language is clear and unambiguous, there is no need for construction by the court; the plain meaning and intent of the enactment will be given it.")

The Virginia Anti-SLAPP Statute's language could not be clearer: it provides a person with immunity "**from civil liability** for…a claim of defamation based solely on statements … regarding matters of public concern that would be protected under the First Amendment to the United States Constitution made by that person that are communicated to a third party[.]" Va. Code § 8.01-223.2, emphasis added. That is all. Nowhere does the Anti-SLAPP Statute provide that a person is immune from suit, or that any part of a lawsuit (discovery, for example) is stayed or may not proceed against a claimant to the immunity. Instead, the statute's language closely tracks the language of the *Mitchell* case, expressly placing it outside the category of statutes providing "an immunity from suit rather than a mere defense to liability." *See Mitchell, supra,* 472 U.S. at 525-526.

If the Virginia General Assembly had wanted to enact an anti-SLAPP law which provided an immunity from suit allowing for an appeal under the Collateral Order Doctrine, or which provided for a right of immediate review, it could easily have done so, and there are numerous examples of such laws. "In California, for instance, the codification of an immediate right to appeal [*see* Cal. Code Civ. Proc. § 425.16(i)] evidenced the fact that the Legislature intended for defendants to be immune from trial, not simply immune from ultimate liability." *ABLV Bank v. Center for Advanced Defense Studies, Inc.,* No. 1:14-cv-1118, 2014 WL 12517012 *2 (E.D. Va. 2015); *but see, e.g., Metabolic Research, Inc. v. Ferrell,* 693 F.3d 795, 801 (9th Cir. 2012)

(holding that notwithstanding statutory language staying discovery pending appeal, Nevada's anti-SLAPP statute does not confer an immediate right to appeal). The Court cannot and should not read provisions into the Virginia Anti-SLAPP Statute that were not enacted by the legislature. *In re Sunterra Corp., supra,* 361 F.3d at 265.

### C. The Legislative History of the Virginia Anti-SLAPP Statute Evidences a Clear Intent to Reject Immunity From Suit

As stated above, the statute is plainly worded, and makes very clear that its protection is nothing more than a defense to liability, rather than an immunity from suit. However, should the Court find that this statute is in some way ambiguous, it should be noted that in enacting the statute in 2007, the Virginia General Assembly expressly rejected a version of the statute providing for an immunity from suit, opting instead to pass a version providing only a protection from liability. The Virginia Anti-SLAPP Statute began its life as Senate Bill 1250 (SB 1250) during the 2007 legislative session. As first proposed in the Virginia Senate, SB 1250 was an amendment to Virginia Code § 15.2-1405, which provides a true immunity from suit to various local officials sued for the exercise of their official authority:

> § 15.2-1405. Immunity of members of local governmental entities; exception.
>
> The members of the governing bodies of any locality or political subdivision and the members of boards, commissions, agencies and authorities thereof and other governing bodies of any local governmental entity, whether compensated or not, shall be **immune from suit** arising from the exercise or failure to exercise their discretionary or governmental authority as members of the governing body, board, commission, agency or authority which does not involve the unauthorized appropriation or misappropriation of funds. However, the immunity granted by this section shall not apply to conduct constituting intentional or willful misconduct or gross negligence. (Emphasis added.)

SB 1250, as first offered on January 10, 2007, proposed to expand the statute to include a section providing immunity from suit for private citizens who appear at hearings before such local officials and governing bodies:

> § 15.2-1405. Immunity of members of local governmental entities; exception.
>
> *A*. The members of the governing bodies of any locality or *other* political subdivision and the members of boards, commissions, agencies and authorities thereof and other governing bodies of any local governmental entity, whether compensated or not, shall be immune from suit arising from the exercise or failure to exercise their discretionary or governmental authority as members of the governing body, board, commission, agency or authority which does not involve the unauthorized appropriation or misappropriation of funds. However, the immunity granted by this section *subsection* shall not apply to conduct constituting intentional or willful misconduct or gross negligence.
>
> *B. Any citizen appearing at a public hearing before the governing body of any locality or other political subdivision, or the boards, commissions, agencies and authorities thereof, and other governing bodies of any local governmental entity, shall be **immune from suit** arising from the exercise of the citizen's right to speak to matters properly before the governing body, board, commission, agency or authority. However, the immunity granted by this subsection shall not apply to conduct constituting libel or slander.*

(Exhibit A [SB 1250, 1/10/07 Version], italics in original, emphasis added.])

SB 1250 was then referred to committee, and emerged some weeks later as a new freestanding proposal, no longer accompanying the immunity of public officials, and reading:

> *§ 8.01-223.2. Immunity of citizens at public hearing.*
>
> *A citizen shall be **immune from a civil action** for a violation of § 18.2-499 or a claim of tortious interference with an existing contract or a business or contractual expectancy based solely on statements made by that citizen at a public hearing before the governing body of any locality or other political subdivision, or the boards, commissions, agencies and authorities thereof, and other governing bodies of any local governmental entity concerning matters properly before such body.*

(Exhibit B [SB 1250, 1/29/07 Version], italics in original, emphasis added.)

The Virginia Senate passed this version on February 1, 2007, and SB 1250 moved to the House of Delegates. (Exhibit C [SB 1250 Bill Tracking Summary].) After being referred to committee, SB 1250 emerged with significant changes, most notably that the immunity it proposed was now **from liability only**:

> *§ 8.01-223.2. Immunity of persons at public hearing.*
>
> *A person shall be <u>**immune from civil liability**</u> for a violation of § 18.2-499 or a claim of tortious interference with an existing contract or a business or contractual expectancy based solely on statements made by that person at a public hearing before the governing body of any locality or other political subdivision, or the boards, commissions, agencies and authorities thereof, and other governing bodies of any local governmental entity concerning matters properly before such body. The immunity provided by this section shall not apply to any statements made with knowledge that they are false, or reckless disregard for whether they are false.*

(Exhibit D [SB 1250, 2/19/07 Version], italics in original, emphasis added.)

This version returned to the Senate, which passed it, and it was enacted with this immunity from liability, effective July 1, 2007. (Exhibit C; Exhibit E [SB 1250 3/8/07 Version], Exhibit F [SB 1250 4/10/07, Acts of Assembly Version].)

Section 8.01-223.2 has been amended several times over the years. In 2016, House Bill 1117 added a provision allowing for a prevailing defendant to collect attorney fees and costs (Exhibit G), 2017 saw Senate Bill 1413, which expanded the Section to apply to defamation claims (Exhibit H), and just this year, Senate Bill 401 expanded the Section's attorney fees provision to apply to subpoenas. (Exhibit I.) **At no time did the Virginia Legislature in any way alter or expand the defense to liability provided by the statute.** It is a fundamental principle of statutory interpretation that a legislature "does not intend *sub silentio* to enact statutory language that it has earlier discarded in favor of other language." *I.N.S. v. Cardoza-Fonseca,* 480 U.S. 421, 442-443 (1987), *quoting Nachman Corp. v. Pension Benefit Guaranty*


*Corp.,* 446 U.S. 359, 392-393 (1980) (Stewart, J., dissenting). It is clear from the legislative history that the Virginia Anti-SLAPP Statute's "immunity from liability" is just that, and is not an immunity from suit. It is therefore not an appealable order under the Collateral Order Doctrine, and Blakeman's appeal thereof does not impose a stay on the proceedings before this Court. *See Mitchell, supra,* 472 U.S. at 525-526; *Gray-Hopkins, supra,* 309 F.3d at 231-232; *LMRT Associates, LC, supra,* 447 B.R. at 474 fn. 7; *United States v. Jones, supra,* 367 Fed. Appx. at 484; *Ruby, supra,* 365 F.2d at 389.

### D. Blakeman's Virginia Procedural Law is Inapplicable and Begs the Question

28 U.S.C. § 1291 and the cases interpreting it determine what orders are appealable in a Federal court. *See, e.g., Mitchell, supra,* 472 U.S. at 525-526; *Gray-Hopkins, supra,* 309 F.3d at 231-232. Blakeman nonetheless suggests that if this proceeding were unfolding in a Virginia state court, the Court's determination of the Anti-SLAPP issue would be appealable as an interlocutory order. However, Blakeman's reasoning does not withstand scrutiny. The interlocutory appeal statute Blakeman cites, Va. Code § 8.01-670.1(B), provides:

> When, prior to the commencement of trial, the circuit court has entered in any pending civil action an order **granting or denying a plea of sovereign, absolute, or qualified immunity that, if granted, would immunize the movant from compulsory participation in the proceeding,** the order is eligible for immediate appellate review. (Emphasis added.)

Of course, this statute would only apply if the Court's order on the Virginia Anti-SLAPP Law were an immunity from suit, i.e. an immunity that if granted, would immunize the movant from compulsory participation in these proceedings. As set forth herein, it is not an immunity from suit, but a defense to liability, and Blakeman presents nothing to the contrary. Blakeman's claim that a stay of proceedings would be available under Virginia law is equally specious. The statute provides that no interlocutory appeal stays proceedings unless "(i) the petition or appeal

9

could be dispositive of the entire civil action or (ii) there exists good cause, other than the pending petition or appeal, to stay the proceedings." Va. Code § 8.01-670.1(C). Blakeman's appeal pertains only to him, not to McLaughlin, and so is not dispositive of the entire action, nor has he established good cause for staying the proceedings apart from the appeal itself. Nothing Blakeman has presented suggests that the Virginia legislature considers the Virginia Anti-SLAPP Law anything other than a defense to liability, and the legislative history makes it clear.

### E. None of Blakeman's Anti-SLAPP Authority Concerns Virginia Substantive Law and So is Not Applicable to the Virginia Anti-SLAPP Statute

Blakeman's motion contains a menagerie of authority from a number of circuits around the country, but none is applicable here. As set forth above, the inquiry under the Collateral Order Doctrine is whether the order appealed from concerns an immunity from suit or a mere defense to liability. *Mitchell, supra,* 472 U.S. at 525-526. To answer this question, the Court "must look to substantive state law…in determining the nature and scope of a claimed immunity." *Gray-Hopkins, supra,* 309 F.3d at 231; *see also In re City of Philadelphia Litigation,* 49 F.3d at 957. Blakeman presents no substantive Virginia law at all. Instead, Blakeman quotes federal glosses of the anti-SLAPP statutes of other states, deletes the references to the substantive statute at issue, and attempts to pass these off as general propositions about *all* anti-SLAPP statutes. The Court should not be fooled.

*Henry v. Lake Charles Am. Press,* 566 F.3d 164, 178 (5th Cir. 2009) concerns Louisiana's Anti-SLAPP Law, Louisiana Code of Civil Procedure Article 971.[3] In many ways Article 971 is

---

[3] "The purpose **of Article 971** is to free defendants from the burden and expense of litigation that has the purpose or effect of chilling the exercise of First Amendment rights. **Article 971** thus provides a right not to stand trial, as avoiding the costs of trial is the very purpose of the statute." *Id.,* emphasis added. Blakeman's Motion omits reference to this particular statute.

10

the opposite of the Virginia Anti-SLAPP Law. Article 971 "does not provide a defense to liability[,]" but rather "provides an explicit statutory guarantee of a right not to stand trial." *Henry, supra,* 566 F.3d at 178. Article 971 does this by providing extensive protections for defendants, including the ability to bring a special motion to strike *any* cause of action based on protected activity and imposing a discovery stay after the motion is filed. La. Code Civ. Proc. art. 971(A)(1), (D). The Virginia Anti-SLAPP Law contains no such provisions, being solely a defense to liability in cases of defamation and tortious interference, and so contemplates that the statute may be raised in an ordinary motion to dismiss (as Blakeman raised it). Va. Code § 8.01-223.2.

Paradoxically, Blakeman derides the dispositive protections provided in Article 971 as "only procedural protections" to suggest that the Virginia Anti-SLAPP Law, a spare defense to liability, is somehow the stronger statute. *See* Motion, pp.2-3 fn. 1. That Blakeman at once cites *Henry'*s analysis of Article 971 to claim that all "[a]nti-SLAPP statutes provide 'a right not to stand trial'" while also suggesting that procedures like those in Article 971 pale in comparison to the Virginia Anti-SLAPP Law's nonprocedural "immunity from liability" in achieving that purpose confounds reason, and demonstrates the palpable lack of authority actually supporting Blakeman's position.

*Batzel v. Smith,* 333 F.3d 1018 (9th Cir. 2003) likewise concerns *California* substantive anti-SLAPP law, Cal. Code Civ. Proc. § 425.16. Similar to Louisiana's Article 971, California's Section 425.16 provides for a special motion to strike, as well as a stay of discovery during pendency of the motion, and an express right to an appeal of the determination, all provisions palpably lacking from Virginia's substantive law. *Compare* Cal. Code Civ. Proc. § 425.16(b)(1), (g), (i) *with* Va. Code § 8.01-223.2. *DC Comics v. Pacific Pictures Corp.* likewise analyzes the

California statute, as well as Oregon's, which likewise provides a special motion to strike, a discovery stay, and a right to appeal (through entry of a limited judgment denying the motion), as well as an express statutory enumeration of "the right not to proceed to trial." *See* Or. Rev. Stat. §§ 31.150, 31.152.

### F. The Court Should Not Order a Discretionary Stay

As demonstrated above, Blakeman's notice of appeal has not automatically stayed proceedings against him, because the order he has appealed is not an appealable order under the Collateral Order Doctrine. Blakeman nonetheless asks that the Court issue a discretionary stay pending appeal. Such a stay "is considered 'extraordinary relief' for which the moving party bears a 'heavy burden[.]'" *Personhuballah v. Alcorn,* 155 F.Supp.3d 552, 558-559 (E.D. Va. 2016). The Court must weigh the *Hilton* factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987). Naturally, the movant has the burden to establish each of these elements. *Long v. Robinson,* 432 F.2d 977, 979 (4th Cir. 1970). Blakeman has not met his burden, as he is not likely to succeed on the merits, he will not be irreparably injured absent a stay, a stay would substantially injure Plaintiff, and Blakeman presents no argument supporting that a stay would be in the public interest (except that he believes his cause to be just). The Court should therefore not order a discretionary stay, either.

#### 1. Blakeman Has Not Shown a Likelihood of Prevailing on the Merits

The movant for a discretionary stay must make a "strong showing" which is "more stringent than the 'reasonable probability' standard that is applicable to a preliminary injunction."

*United States v. Francis,* 2012 WL 368579 at *1 (E.D.N.C. Feb. 3, 2012), *quoting Davis v. Meyers,* 101 F.R.D. 67, 69 (D. Nev. 1984).[4] Blakeman has made no such showing. For a start, the order from which Blakeman appeals concerns the Court's determination that the complaint states a cause of action against Blakeman and that the Virginia Anti-SLAPP Law does not bar Plaintiff's Complaint. As set forth above, **neither of these determinations is appealable as a collateral order.** *See Mitchell, supra,* 472 U.S. at 525-526; *Suarez Corp. Indus., supra,* 125 F.3d at 225; *Gray-Hopkins, supra,* 309 F.3d at 231-232; *ABLV Bank, supra,* 2014 WL 12517012 at *2. Blakeman has not shown, and cannot show, a probability of prevailing on an appeal of an order which the appellate court has no ability to review. Blakeman, the movant, has the burden to make a "strong showing" on this element. *See Long, supra,* 432 F.2d at 979.

      Even if the Court's order were appealable, Blakeman has not made anything approaching a "strong showing" that he will prevail on the merits of the appeal. In his complaint, Plaintiff plausibly alleged that Senate Majority Leader Mitch McConnell orchestrated a scheme whereby Plaintiff, a candidate for the Republican nomination for Senator from West Virginia, would be smeared as a "felon." Dkt #1, ¶ 34. Plaintiff alleged that Blakeman, an experienced GOP operative, was a key member of the scheme, and shared in the common plan. *Id.,* ¶¶ 34, 36, 61, 70. Plaintiff alleged that as part of the scheme, Blakeman appeared on Fox program *The Evening Edit* the day before the primary election and smeared Plaintiff as a "felon." *Id.,* ¶¶ 45, 65, 73.

---

[4] Blakeman accents *Northrop Grumman Tech. Services, Inc. v. Dyncorp Int'l LLC* to suggest that any appeal that "*could be rationally resolved* in favor of the party seeking the stay" is entitled to a stay, when in fact the portion entitled to emphasis is that the movant must show a "**strong likelihood** that the issues presented on appeal could be rationally resolved in favor of" the movant. *See Id.,* 2016 WL 3346349 at *2 (E.D. Va. June 16, 2016). Even where the issue presented in that case was a novel one "on the fringes of the existing jurisprudence" without clear precedent, the Court found that the movant's appeal was unlikely to succeed. *Id.* at *3. Here, the precedent is clear.

Plaintiff alleged that as a sophisticated and knowledgeable political operative with extensive experience and involvement in politics, Blakeman knew the "felon" label was false, or at a minimum, Blakeman acted with reckless disregard of the truth or falsity of the statement. *Id.,* p. ¶ 46, 56, 61, 70. As a result, Plaintiff suffered actual and significant injury to his reputation and business interests. *Id.,* ¶¶ 48, 49, 59.

These allegations suffice to meet the elements of defamation under Virginia law, namely the knowing or reckless publication of a false statement which has a tendency to lower the plaintiff in the estimation of the community or deter others in dealing with him. *See Steele v. Goodman,* 382 F.Supp.3d 403, 418-420 (E.D. Va. 2019). The allegations likewise state a claim for a statutory conspiracy claim, which requires that two or more persons "combine, associate, agree, mutually undertake or concert together for the purpose of willfully and maliciously injuring another in his reputation, trade, business, or profession by any means whatsoever." Va. Code § 18.2-499; *see also Harrell v. Colonial Holdings, Inc.,* 923 F.Supp.2d 813, 826 (E.D. Va. 2013); *Dunlap v. Cottman Transmission Sys., LLC,* 287 Va. 207, 215 (2014). Likewise, as "(1) a combination of two or more persons, (2) by some concerted action, (3) to accomplish some criminal or unlawful purpose, or to accomplish some purpose, not in itself criminal or unlawful, by criminal or unlawful means[,]" the allegations state a claim for common law conspiracy under Virginia law. *See Harrell, supra,* 923 F.Supp.2d at 826; *Remacle v. Repperio, Inc.,* 2017 WL 11505574 at *13 (E.D. Va. Aug. 25, 2017); *Sines v. Kessler,* 324 F.Supp.3d 765, 784 (W.D. Va. 2018). Given the allegation that Blakeman acted with actual knowledge or reckless disregard of the falsity of his statement, the allegations are within the actual malice exception to the Virginia Anti-SLAPP Law and are not barred. *See* Va. Code § 8.01-223.2(A). The Court has already agreed. *See* Dkt. # 39.

Blakeman presents nothing to bolster the arguments he has already made. Blakeman's claim that "Blankenship was unable to point to *any* well-pleaded facts in his complaint showing that Blakeman knew that it was false to call Blankenship a 'felon' or that Blakeman had a 'high degree of awareness of . . . probable falsity'" is belied by the allegations themselves: that Plaintiff's conviction was a matter of public record (Dkt #1, ¶ 46), that Blakeman is a sophisticated, knowledgeable, and experienced political operative (*Id.*), and most obviously, that Blakeman intentionally participated in a conspiratorial scheme to deliberately smear Plaintiff with false stories, including the false "felon" claim. *Id.* at ¶¶ 34, 36, 37, 45, 46, 61-68, 70-74. Blakeman's suggestion that the Court's description of this case as a "close" or "problematic" one somehow undercuts the Court's finding that Plaintiff had met his burden and its consequent denial of the motion (*see* Dkt. #39) is unsupported.

Notably, Blakeman presents **absolutely nothing new concerning the merit of his anti-SLAPP immunity argument,** which is the apparent basis for his appeal (*see* Dkt. #43) and which is the only part of the Court's order subject to the Collateral Order Doctrine. The issue of the Virginia Anti-SLAPP Law is in no way a close call. The statute contains a very clear exception for "any statements made with actual or constructive knowledge that they are false or with reckless disregard for whether they are false" (Va. Code § 8.01-223.2(A)), which is exactly what Plaintiff alleged. *See* Dkt. #1, ¶¶ 46, 56-58. Even if the Court's holding on the Virginia Anti-SLAPP Law were reviewable (and as a mere protection from liability, it is not), Blakeman has made **no** showing that a different result is likely or even possible, let alone a "strong showing" of prevailing. *See Long, supra,* 432 F.2d at 979.

15

### 2. Blakeman Does Not Face Irreparable Harm Absent a Stay

Blakeman presents nothing supporting that he faces irreparable harm absent a stay. The only injury Blakeman presents is the harm of having to defend this litigation in light of what he confusingly describes as a "First Amendment immunity as a substantive defense to claims that cannot meet the *actual malice* test under *New York Times v. Sullivan*." As set forth above, the Virginia Anti-SLAPP Law is a defense to liability, not an immunity from suit, and contains a sizable and applicable exception for statements made with actual malice, i.e. "with actual or constructive knowledge that they are false or with reckless disregard for whether they are false." Va. Code § 8.01-223.2(A). As Blakeman himself recognizes, this purely economic harm is not irreparable, as should he eventually prevail in establishing the immunity, he may be entitled to his fees. *Id.* at subd. (B); *cf. Wisconsin Gas Co. v. F.E.R.C.,* 758 F.2d 669, 674 (D.C. Cir. 1985) ("It is also well settled that economic loss does not, in and of itself, constitute irreparable harm.").

Blakeman presents **nothing**, neither a declaration nor anything else, suggesting that he is paying a cent in fees. Even if he were, the mere possibility that he may not be fully compensated for his expenses should he eventually establish a defense under the Virginia Anti-SLAPP Law is far too attenuated to constitute "actual harm" under the *Hilton* factors. *See E.I. DuPont de Nemours and Co. v. Kolon Industries, Inc.,* 871 F.Supp.2d 513, 519 (E.D. Va. 2012), *citing Friendship Edison Public Charter School Collegiate Campus v. Nesbitt,* 704 F.Supp.2d 50, 52 (D.D.C. 2010) ("in analyzing when a harm is irreparable in the context of economic harms, the movant must show that the harm would threaten the existence of its business or that the moneys lost as a result of the lack of a stay would be unrecoverable."); *see also ePlus, Inc. v. Lawson Software, Inc.,* 946 F.Supp.2d 503, 510 (E.D.Va. 2013) (unexplained "increased cost" and potential for "dissatisfied customers" insufficient to show irreparable injury on request to stay

injunction); *McAllister v. Hunter,* 2010 WL 56021 at *1 (W.D. N.C. Jan. 4, 2010) (unstayed monetary judgment not likely to cause irreparable injury). Blakeman's suggestion that the Court should find he faces irreparable harm simply because he will continue to be a defendant would essentially do away with the requirement of showing irreparable harm in any defamation case under Virginia law.

### 3. Plaintiff Would Be Substantially Injured by a Stay

Blakeman is not the only defendant in this matter. Plaintiff has also sued and is proceeding against Kevin McLaughlin, who has not appealed the Court's denial of his motion to dismiss. This matter is on the "rocket docket," and Plaintiff will need to complete all discovery in this matter by December 11, 2020, approximately three and a half months from now. Dkt. #40. Trial will follow in approximately mid-January or February. *Id.* Plaintiff has served discovery on both Defendants, and will soon be seeking to depose them and to otherwise prepare his case on schedule. Both Defendants have also served their own discovery requests on Plaintiff and are actively litigating this case. If the Court stays proceedings as to Blakeman, Plaintiff will be forced to proceed against McLaughlin along a separate timeline, essentially transforming this case into two cases with two calendars. Plaintiff is the master of his complaint, and sued both Blakeman and McLaughlin in the same action to avoid this entropic result. Blakeman's suggestion that an appellate ruling could be of benefit to Plaintiff is unsupported, and rather unlikely, considering that Blakeman's proposed appeal concerns a non-appealable order not within the Collateral Order Doctrine.

### 4. Blakeman Has Not Shown the Public Interest Favors a Stay

Blakeman's purported showing on this factor misses the mark. The public interest inquiry is not whether the movant can argue that the public interest should favor his position in the

litigation, but rather whether "the public interest will be served **by granting the stay**." *Long, supra,* 432 F.2d at 979 (emphasis added). Plaintiff has just as much faith in the justice of his cause as Blakeman does in his; after all, this matter concerns no less than a cynical smear campaign by interested political insiders to destroy Plaintiff's candidacy through falsities broadcast over the people's airwaves. *See* Dkt. #1, ¶¶ 1-10. But this is all beside the point. The fact is, Blakeman presents **absolutely nothing** supporting the idea that it is in the public interest to fracture this case with a discretionary stay pending Blakeman's appeal of an unappealable order. A stay would likely cause either delay or duplication of proceedings, frustrating the public interest in speedy and efficient resolution of disputes. The public interest would therefore favor denying the stay. *Cf. Weingarten Realty Investors v. Miller,* 661 F.3d 904, 913 (5th Cir. 2011) (where movant had not shown a likelihood of prevailing on appeal, "the public interest in speedy resolution of disputes prevails. Public interest favors denying the stay.")

### V. CONCLUSION

For the foregoing reasons, the Court should deny Blakeman's motion for stay in its entirety.

Date:   August 28, 2020                               Respectfully submitted,

                                                      DON BLANKENSHIP

                                                      By: /s/ *M. F. Connell Mullins, Jr.*
                                                      M. F. Connell Mullins, Jr. (VSB No. 47213)
                                                      Email: cmullins@spottsfain.com
                                                      Kasey L. Hoare (VSB No. 92289)
                                                      Email: khoare@spottsfain.com Spotts Fain PC
                                                      411 East Franklin Street, Suite 600
                                                      Richmond, Virginia 23219
                                                      (804) 697-2000 (Telephone)
                                                      (804) 697-2100 (Facsimile)

        Jeremy Gray (CA State Bar No. 150075)
Admitted *Pro Hac Vice*
Lisa Zepeda (CA State Bar No. 231125)
Admitted *Pro Hac Vice*
Zachary Gidding (CA State Bar No. 313242)
Admitted *Pro Hac Vice*
Early Sullivan Wright Gizer & McRae LLP
6420 Wilshire Blvd., 17th Floor
Los Angeles, CA 90048
323.301.4660
jgray@earlysullivan.com
lzepeda@earlysullivan.com
zgidding@earlysullivan.com

*Counsel for Plaintiff Don Blankenship*

572749.1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of August 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

By: /s/ *M. F. Connell Mullins, Jr.*
M. F. Connell Mullins, Jr. (VSB No. 47213)
Email: cmullins@spottsfain.com
Kasey L. Hoare (VSB No. 92289)
Email: khoare@spottsfain.com
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
(804) 697-2000 (Telephone)
(804) 697-2100 (Facsimile)

*Counsel for Plaintiff*