# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| DON BLANKENSHIP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-00429 |
| | ) | |
| KEVIN McLAUGHLIN and | ) | |
| BRADLEY BLAKEMAN, | ) | |
| | ) | |
| Defendants. | ) | |

# REPLY BRIEF
## IN SUPPORT OF DEFENDANT BLAKEMAN'S
## <u>MOTION TO STAY FURTHER PROCEEDINGS AGAINST HIM</u>

Elbert Lin (VSB # 92740)
David Parker (VSB # 85619)
HUNTON ANDREWS KURTH LLP
951 E. Byrd Street
Richmond, VA 23219
804-788-8200 office
804-788-8218 fax
elin@HuntonAK.com
dparker@HuntonAK.com

Stuart A. Raphael (VSB # 30380)
Sona Rewari (VSB # 47327)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
202-419-2021 office
202-828-3728 fax
sraphael@HuntonAK.com
srewari@HuntonAK.com

*Counsel for Defendant Bradley Blakeman*

September 3, 2020

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS .................................................................................................... ii

TABLE OF AUTHORITIES ............................................................................................. iii

INTRODUCTION ............................................................................................................. 1

SUPPLEMENTAL STATEMENT OF THE CASE ........................................................... 2

ARGUMENT ..................................................................................................................... 2

I.     The notice of appeal deprives this Court of jurisdiction to decide whether Virginia's anti-SLAPP statute supports a collateral-order appeal based on immunity from suit. ....... 2

II.    Plaintiff does not and cannot claim that the appeal is frivolous. ........................................ 4

III.   Blankenship does not dispute that a collateral-order appeal on immunity grounds automatically stays further proceedings against the appellant in the district court. ......... 10

IV.   A stay would also be warranted under the traditional four-factor test, and Blankenship's concern about delaying his case against McLaughlin can be addressed by severance..... 11

CONCLUSION ................................................................................................................. 15

CERTIFICATE OF SERVICE ......................................................................................... 16

# TABLE OF AUTHORITIES

Page

**Cases**

*Abney v. United States,*
    431 U.S. 651 (1977) ........................................................................................... 4

*Apostol v. Gallion,*
    870 F.2d 1335 (7th Cir. 1989) .................................................................. 10, 11

*Arthur Andersen LLP v. Carlisle,*
    556 U.S. 624 (2009) ........................................................................................... 5

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ......................................................................................... 12

*Behrens v. Pelletier,*
    516 U.S. 299 (1996) ................................................................................. 5, 7, 10

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ......................................................................................... 12

*Black v. Dixie Consumer Products LLC,*
    835 F.3d 579 (6th Cir. 2016) .......................................................................... 7, 9

*Blankenship v. Napolitano,*
    No. 2:19-CV-00236, 2020 WL 1548060 (S.D.W. Va. Mar. 31, 2020) ........... 14

*Carroll v. United States,*
    354 U.S. 394 (1957) ......................................................................................... 10

*DC Comics v. Pac. Pictures Corp.,*
    706 F.3d 1009 (9th Cir. 2013) .......................................................... 8, 9, 13, 14

*Doe v. Public Citizen,*
    749 F.3d 246 (4th Cir. 2014) ............................................................................ 4

*Eckert Int'l, Inc. v. Gov't of Sovereign Democratic Republic of Fiji,*
    834 F. Supp. 167 (E.D. Va. 1993) .......................................................... 5, 6, 11

*ePlus, Inc. v. Lawson Software, Inc.,*
    946 F. Supp. 2d 503, 510 (E.D. Va. 2013) .................................................... 13

*Godin v. Schencks,*
    629 F.3d 79 (1st Cir. 2010) ............................................................................ 8, 9

*Goshtasby v. Bd. of Trustees of Univ. of Ill.,*
    123 F.3d 427 (7th Cir. 1997) ................................................................ 10

*Gray-Hopkins v. Prince George's Cty.,*
    309 F.3d 224 (4th Cir. 2002) ................................................................. 2

*Grenadier v. BWW Law Group,*
    No. 1:14-cv-827 (LMB/TCB), 2015 WL 13021468 (E.D. Va. June 15, 2015) ................. 3

*Griggs v. Provident Consumer Discount Co.,*
    459 U.S. 56 (1982) ..................................................................... 3, 4, 6

*Harlow v. Fitzgerald,*
    457 U.S. 800 (1982) ......................................................................... 7

*Harrison v. Fed. Bur. of Prisons,*
    No. 16-819 (RDM), 2019 WL 147720 (D.D.C. Jan. 9, 2019) ................................ 14

*Harte–Hanks Commc'ns, Inc. v. Connaughton,*
    491 U.S. 657 (1989) ........................................................................ 12

*Henry v. Lake Charles Am. Press,*
    566 F.3d 164 (5th Cir. 2009) ...................................................... 7, 13, 14

*Hilton v. Braunskill,*
    481 U.S. 770 (1987) ........................................................................ 11

*Kennedy v. City of Cleveland,*
    797 F.2d 297 (6th Cir. 1986) ............................................................... 11

*Levin v. Alms & Assocs.,*
    634 F.3d 260 (4th Cir. 2011) ........................................................ 3, 5, 10

*LMRT Assocs., LC v. MB Airmont Farms, LLC,*
    447 B.R. 470 (E.D. Va. 2011) ............................................................... 5

*Lytle v. Griffith,*
    240 F.3d 404 (4th Cir. 2001) ............................................................... 4

*May v. Sheahan,*
    226 F.3d 876 (7th Cir. 2000) .............................................................. 11

*Mayfield v. NASCAR,*
    674 F.3d 369 (4th Cir. 2012) .......................................................... 12, 13

*Mitchell v. Forsyth,*
    472 U.S. 511 (1985) ..................................................................... 7, 11

iv

*Northrop Grumman Tech. Services, Inc. v. DynCorp Int'l LLC,*
    No. 1:16cv534 (JCC/IDD), 2016 WL 3346349 (E.D. Va. June 16, 2016) ............... 11, 12

*Stewart v. Donges,*
    915 F.2d 572 (10th Cir. 1990) ........................................................................ 10

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.,*
    190 F.3d 963 (9th Cir. 1999) ........................................................................... 8

*United States v. Fourteen Various Firearms,*
    897 F. Supp. 271 (E.D. Va. 1995) ................................................................. 12

*United States v. Head,*
    697 F.2d 1200 (4th Cir. 1982) ......................................................................... 6

*Varian Med. Sys., Inc. v. Delfino,*
    106 P.3d 958 (Cal. 2005) ................................................................................ 7

*Will v. Hallock,*
    546 U.S. 345 (2006) ...................................................................................... 14

*Wisconsin Gas Co. v. FERC,*
    758 F.2d 669 (D.C. Cir. 1985) ...................................................................... 13

*Yates v. Terry,*
    817 F.3d 877 (4th Cir. 2016) ........................................................................... 3

**Statutes**

2017 Va. Acts chs. 586, 597 ................................................................................ 6

Va. Code Ann. § 8.01-223.2 (Supp. 2020) ............................................ 1, 6, 8, 13

Va. Code Ann. § 8.01-223.2(A) (Supp. 2020) ................................................... 6, 9

Va. Code Ann. § 8.01-223.2(B) (Supp. 2020) ..................................................... 13

Va. Code Ann. § 8.01-670.1(B) (Supp. 2020) ...................................................... 9

Va. Code Ann. § 8.01-670.1(C) (Supp. 2020) ...................................................... 9

**Rules**

Fed. R. Civ. P. 21 .......................................................................................... 2, 14

# INTRODUCTION

Because Blankenship cannot dispute that a collateral-order appeal of a decision denying qualified immunity automatically stays all proceedings in the district court against the appellant, including discovery, he devotes virtually his entire brief to a *different* question that this Court does not have jurisdiction to decide. He invites the Court to rule that Blakeman's interlocutory appeal is not proper, arguing that Virginia's anti-SLAPP statute provides only a "defense to liability," rather than an immunity from suit. But that is a question for the Fourth Circuit, not this Court.

Blakeman's notice of appeal transferred to the Fourth Circuit jurisdiction over the immunity-from-suit question and divests this Court of jurisdiction to resolve it, unless this Court certifies that the appeal is frivolous. Blankenship does not claim that the appeal is frivolous. Nor could he. To the contrary, Blakeman has the better reading of Virginia's anti-SLAPP statute. The text of Virginia Code § 8.01-223.2 supports immunity from suit when a public-figure defamation plaintiff like Blankenship cannot plead facts sufficient to show that a false statement was made knowing it to be false or with substantial awareness of probable falsity. The immunity-from-suit interpretation is bolstered by the express purpose of the anti-SLAPP law to protect free speech and by the General Assembly's recognition that such immunity questions can be raised through interlocutory appeals in cases brought in Virginia State court.

Because the stay here arises by operation of law, the Court need not decide whether a stay would be appropriate under the traditional four-factor test, but that test would be satisfied as well. To be sure, the fact that Defendant McLaughlin did not appeal and the case will proceed against him creates the possibility that any trial against both McLaughlin and Blakeman must await a Fourth Circuit ruling on Blakeman's appeal. But Blankenship does not show how that minor delay poses substantial harm to him. In any case, if Blankenship wants to try the case

1

against McLaughlin as soon as possible, the Court could oblige him by severing the claims against McLaughlin under Rule 21, something the Court can do on the motion of any party or *sua sponte* at any time.

In the meantime, Blakeman's interlocutory appeal on immunity grounds stays proceedings against him here. This Court should enter an order making that clear.

## SUPPLEMENTAL STATEMENT OF THE CASE

On August 17, 2020, the Fourth Circuit entered a briefing order under which Blakeman's opening brief and the parties' joint appendix are due on September 28. Briefing Order, *Blankenship v. Blakeman*, No. 20-1886 (4th Cir. Aug. 17, 2020), ECF No. 4. Because Plaintiff's counsel has refused to agree that Blakeman's notice of appeal stays further proceedings against him in this court, and in light of the short, four-month period allowed for discovery under the Scheduling Order, ECF No. 53, Blakeman has acted in good faith to comply with his Rule 26 obligations pending disposition of his motion to stay. Blakeman has consistently made clear, however, that this interim cooperation is not a waiver of his appeal rights or his anti-SLAPP immunity.

## ARGUMENT

I.  **The notice of appeal deprives this Court of jurisdiction to decide whether Virginia's anti-SLAPP statute supports a collateral-order appeal based on immunity from suit.**

The parties agree that whether the collateral-order doctrine supports an interlocutory appeal of this Court's order denying anti-SLAPP immunity depends on whether the Virginia General Assembly intended for that immunity to operate as an immunity from suit, rather than merely as a defense to liability. *See Gray-Hopkins v. Prince George's Cty.*, 309 F.3d 224, 231 (4th Cir. 2002). Blankenship telegraphs that this will be his main argument for why the Fourth Circuit should reject Blakeman's interlocutory appeal.

But because *that* question is now pending before the Fourth Circuit, this Court lacks jurisdiction to resolve it. Blankenship's opposition is largely silent about the well-established case law governing the jurisdiction-shifting effect of a notice of appeal.

The Supreme Court in *Griggs* explained the longstanding principle "that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and *divests the district court* of its control *over those aspects of the case involved in the appeal*." *Id.* (emphasis added). That rule has been dutifully followed by the Fourth Circuit, *e.g.*, *Levin v. Alms & Assocs.*, 634 F.3d 260, 263–66 (4th Cir. 2011), as well as by this Court, *see Grenadier v. BWW Law Group*, No. 1:14-cv-827 (LMB/TCB), 2015 WL 13021468, at *1 (E.D. Va. June 15, 2015) (Brinkema, J.) (quoting *Griggs* and *Levin*).

Whether Virginia's anti-SLAPP statute provides immunity from suit to support a collateral-order appeal is obviously one of the "aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58. It is Blankenship's primary appellate argument. And the Fourth Circuit is obliged to assure itself of jurisdiction over the interlocutory appeal even if no one had questioned it. *Yates v. Terry*, 817 F.3d 877, 882 (4th Cir. 2016).

What is more, the "core subject" of the interlocutory appeal is "the challenged continuation of proceedings before the district court on the underlying claims." *Levin*, 634 F.3d at 264. That "core subject" is whether proceedings against Blakeman in the district court can continue when Blankenship has failed to plead facts sufficient to overcome Blakeman's anti-SLAPP immunity. "Therefore, because the district court lacks jurisdiction over 'those aspects of

the case involved in the appeal,' it must necessarily lack jurisdiction over the continuation of any proceedings relating to the claims at issue." *Id*. (quoting *Griggs*, 459 U.S. at 58).

Blankenship does not ask this Court to apply any of the "limited exceptions" to the rule that a notice of appeal divests the district court of jurisdiction over the matters on appeal. *Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014). Those "exceptions are confined to a narrow class of actions that promote judicial efficiency and facilitate the division of labor between trial and appellate courts." *Id*. For instance, a notice of appeal does not prevent the district court from taking a step "that aids the appellate process," *id.*, such as clarifying an ambiguous term in the order appealed from. *E.g.*, *Lytle v. Griffith*, 240 F.3d 404, 407 n.2 (4th Cir. 2001). Likewise, a notice of appeal does not prevent the district court from proceeding with matters "collateral to the appeal." *Public Citizen*, 749 F.3d at 258. That is why proceedings in this Court against Defendant McLaughlin may continue; McLaughlin elected not to file an interlocutory appeal.

But whether Virginia's anti-SLAPP statute provides Blakeman immunity from suit sufficient to support a collateral-order appeal is hardly "collateral to the appeal." That *is* the appeal. The notice of appeal therefore deprives this Court of jurisdiction to adjudicate that question.

## II. Plaintiff does not and cannot claim that the appeal is frivolous.

The other exception to the jurisdiction-transferring effect of a notice of appeal is when the district court certifies that the appeal is "frivolous," something Blankenship does not claim here. The Supreme Court first noted in 1977, in a case upholding collateral-order appeals based on double jeopardy, that it is "well within the supervisory powers of the courts of appeals to establish summary procedures and calendars to weed out frivolous claims." *Abney v. United States*, 431 U.S. 651, 662 n.8 (1977). More recently, the Court reaffirmed that "Appellate courts can streamline the disposition of meritless claims and even authorize the district court's retention

of jurisdiction when an appeal is certified as frivolous." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629 (2009). The Supreme Court in *Behrens v. Pelletier* specifically approved the practice of those circuits that permit a district court to "certif[y]" a defendant's "immunity appeal as 'frivolous,'" which then "enables the district court to retain jurisdiction pending summary disposition of the appeal." 516 U.S. 299, 310–11 (1996).

The Fourth Circuit adopted that practice in *Levin* in a case involving an interlocutory appeal of an order refusing arbitration:

> We therefore hold that an appeal on the issue of arbitrability *automatically divests* the district court of jurisdiction over the underlying claims and *requires a stay of the action*, *unless the district court certifies the appeal as frivolous* or forfeited. In the event that such certification occurs, the party alleging arbitrability may move this court to stay the district court proceedings pending a review of the frivolousness determination.

634 F.3d at 265 (emphasis added).

Blankenship ignores all of this controlling Supreme Court and Fourth Circuit case law, citing instead Judge Ellis's dictum in *LMRT Associates, LC v. MB Airmont Farms, LLC*, 447 B.R. 470 (E.D. Va. 2011), that "it is well recognized that filing a notice of appeal to a non-appealable order does not deprive the district court of jurisdiction." *Id*. at 474 n.7. In *LMRT*, Judge Ellis found that a putative "notice of removal" of the case to the Bankruptcy Court for the District of Maryland was procedurally improper, but he stayed proceedings here anyway to let the bankruptcy court address that question in the first instance. *Id*. at 474. The dictum in footnote 7 of *LMRT* is likely just a different formulation of the frivolous-appeal exception.

Put another way, nothing in *LMRT* allows a district court to continue exercising jurisdiction *without* affirmatively certifying that the appeal is frivolous. Indeed, Judge Ellis has previously made clear that a frivolousness certification is *required* to let a case proceed in the district court when the defendant's immunity appeal is pending. *See Eckert Int'l, Inc. v. Gov't of*

*Sovereign Democratic Republic of Fiji*, 834 F. Supp. 167, 174-75 & n.12 (E.D. Va. 1993) (Ellis, J.). He explained how this rule necessarily follows from the principle "that district courts and courts of appeal should not assert jurisdiction [over] a case simultaneously." *Id*. at 174 n.12 (citing *Griggs*, 459 U.S. at 58). Even though Judge Ellis thought that the appellant's immunity argument was "unconvincing and contrary to existing precedent," the collateral-order appeal was not "frivolous," so it "divested" the district court of jurisdiction and stayed further proceedings. *Id*.

Blankenship does not claim that Blakeman's appeal here is frivolous. Nor could he. "In order for an interlocutory appeal to be deemed frivolous, it must be both meritless and substantively inappropriate." *Id.* at 174 (citing *United States v. Head*, 697 F.2d 1200, 1204–05 (4th Cir. 1982)). Not only is Blakeman's anti-SLAPP appeal nonfrivolous; Blakeman has the better reading of Code § 8.01-223.2. There are at least three reasons.

First, while Blankenship spends a great deal of time excavating earlier drafts of the 2007 legislation that created § 8.01-223.2, the relevant legislation is not from 2007 but 2017, when immunity was added to protect against "defamation" claims based on statements involving "matters of public concern that would be protected under the First Amendment to the United States Constitution." 2017 Va. Acts chs. 586, 597. No legislator would have had in mind earlier drafts of legislation from ten years before. Notably, the 2017 bill titled the statute "Immunity of persons for statements made at public hearing or communicated to third party." *Id*. "Immunity of persons" is fully consistent with immunity from suit.

Blankenship ignores the title and relies too much instead on the single phrase in subsection A that "[a] person shall be immune from civil liability" for statements protected by the First Amendment. Va. Code Ann. § 8.01-223.2(A) (Supp. 2020). But to be "immune from

civil liability" is consistent with being immune from suit, and that phrase in isolation does not show that the General Assembly viewed the protection simply as a defense to liability. Indeed, the United States Supreme Court itself initially referred to qualified immunity in civil rights cases as a "defense" that "shield[s] [government agents] from liability for civil damages." *Behrens*, 516 U.S. at 305 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Yet the Court later recognized that this "defense" actually confers "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal [immunity] question," *id.* at 306 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The Sixth Circuit likewise read the phrase "immunity from liability" in Kentucky's workers' compensation statute to support immunity from suit, allowing for a collateral-order appeal. *Black v. Dixie Consumer Products LLC*, 835 F.3d 579, 583 (6th Cir. 2016). Blankenship is thus wrong to insist that being "immune from civil liability" *necessarily* means only "a defense to liability," Opp'n at 10; he would improperly add words to the anti-SLAPP statute that are not found there.

Second, Blankenship ignores that the *purpose* of anti-SLAPP statutes, including Virginia's, is to protect speakers on matters of public concern from the First Amendment chilling effect posed by the threat of baseless litigation:

> The essential purpose of these statutes is, as the California Supreme Court put it, to vindicate the "right *not* to be dragged through the courts because you exercised your constitutional rights." Because stopping retaliatory or chilling litigation in its tracks is clearly both the purpose of and the remedy provided by these statutes, it is only natural that they be regarded as conferring immunity from suit—and accordingly subject to collateral appeal.

*Black*, 835 F.3d at 592 (Clay, J., dissenting) (quoting *Varian Med. Sys., Inc. v. Delfino*, 106 P.3d 958, 967 (Cal. 2005)); *Henry v. Lake Charles Am. Press*, 566 F.3d 164, 180 (5th Cir. 2009)

("Anti–SLAPP statutes such as [Louisiana's] Article 971 aim to curb the chilling effect of meritless tort suits on the exercise of First Amendment rights . . . .").

The substantive policy supporting such protections is so strong that numerous federal courts have found that State anti-SLAPP laws apply in federal court even when the State statute does not use the word "immunity" and provides only *procedural* protections like a "special motion to dismiss." *E.g.*, *DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1015–16 (9th Cir. 2013) (California's anti-SLAPP law); *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972–73 (9th Cir. 1999) (same); *Godin v. Schencks*, 629 F.3d 79, 89–90 (1st Cir. 2010) (Maine's anti-SLAPP law). The Ninth Circuit in *DC Comics*, for instance, found its immunity-from-suit conclusion reinforced by "the particular public interests that the anti-SLAPP statute attempts to vindicate. It would be difficult to find a value of a 'high[er] order' than the constitutionally-protected rights to free speech and petition that are at the heart of California's anti-SLAPP statute." *DC Comics,* 706 F.3d at 1015–16 (citation omitted). "Such constitutional rights deserve particular solicitude within the framework of the collateral order doctrine." *Id*. at 1016.

Blankenship tries to dismiss the extensive case law supporting immunity from suit under other States' anti-SLAPP laws as a "menagerie of authority," Opp'n at 10, but the General Assembly would have been aware of that teeming legal authority when it extended § 8.01-223.2 in 2017 to protect against defamation claims involving speech on matters of public concern. Blankenship offers no explanation why the General Assembly would have wanted less protective measures in its anti-SLAPP law, particularly given that Virginia went further than other States by explicitly creating a substantive "immunity of persons" based on their exercise of "First Amendment" speech. Va. Code Ann. § 8.01-223.2.

8

Finally, the immunity-from-suit conclusion is bolstered by the fact that Virginia law provides an interlocutory appeal for orders denying a plea in bar based on various types of immunity.  Va. Code Ann. § 8.01-670.1(B) (2020 Supp.).  When State law provides an interlocutory appeal to protect immunity—whether in the anti-SLAPP statute itself, through another statute, or through an extraordinary writ—it supports the inference that the legislature views the protection as providing an immunity from suit, not simply a defense against liability.  *DC Comics*, 706 F.3d at 1016 & n.7.  "That is relevant not because state law determines the availability of appellate review here—it does not—but rather because 'lawmakers wanted to protect speakers from the trial itself rather than merely from liability.'"  *Godin*, 629 F.3d at 85 (citation omitted).

When a Virginia defamation plaintiff is unable to plead sufficient facts to show actual malice, the complaint must be dismissed under the "immunity" conferred by Virginia's anti-SLAPP statute.  Va. Code Ann. § 8.01-223.2(A).  This is precisely the type of immunity for which an interlocutory appeal would lie under Virginia law, for if the defensive plea succeeds, it will "immunize" the defendant "from compulsory participation in the proceeding."  *Id.* § 8.01-670.1(B).  Interlocutory review is available not because the statute uses magic words like "immunity from suit," Opp'n at 9, but because a ruling in the defendant's favor has the *practical* effect of requiring the defendant's dismissal from the case.  As the Sixth Circuit said in an analogous context, "[e]ven aside from what Kentucky *calls* the immunity, it *treats* the immunity as one from suit by permitting interlocutory appeals from the denial of contractor immunity."  *Black*, 835 F.3d at 583.  Virginia's interlocutory appeal statute provides the same treatment here.

Blankenship quibbles that, were this case in State court, the trial or appellate court might not grant a stay of Blakeman's anti-SLAPP immunity appeal, either because the court might not

find "good cause" under § 8.01-670.1(C), or perhaps because the appeal might not be "dispositive of the entire civil action," since the case against McLaughlin is still proceeding. Opp'n at 9–10. But the key point is that Virginia allows interlocutory appeals based on anti-SLAPP immunity. And whether a Virginia State court would stay a *particular* case under *particular* circumstances does not bear on whether a collateral-order appeal is proper as to the "category of order appealed from." *Behrens*, 516 U.S. at 311. "Appeal rights cannot depend on the facts of a particular case." *Id*. (quoting *Carroll v. United States*, 354 U.S. 394, 405 (1957)). Thus, whether collateral-order review is available is judged based on the "category" of appeal involved—here, appeals based on anti-SLAPP immunity—not on the strength or particulars of the case under review. *Id*.

In short, Blakeman's interpretation of Virginia's anti-SLAPP statute not only is nonfrivolous; it is correct. Either way, however, his collateral-order appeal is proper.

## III. Blankenship does not dispute that a collateral-order appeal on immunity grounds automatically stays further proceedings against the appellant in the district court.

Without a certification by this Court that Blakeman's appeal is frivolous, his appeal "automatically divests the district court of jurisdiction over the underlying claims and requires a stay of the action." *Levin*, 634 F.3d at 265. That automatic stay necessarily applies to "the continuation of discovery" in the district court, since "permitting discovery constitutes permitting the continuation of the litigation, over which the district court lacks jurisdiction." *Id.* at 264.

Indeed, Blankenship does not dispute that federal appellate courts *routinely* hold that a collateral-order appeal on qualified-immunity grounds automatically stays further proceedings against the defendant in the district court, including discovery.[1] The Seventh Circuit's decision

---

[1] *See*, *e.g.*, *Goshtasby v. Bd. of Trustees of Univ. of Ill.*, 123 F.3d 427, 428-29 (7th Cir. 1997) (staying discovery and all other proceedings in district court "until this appeal has been resolved on the merits); *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990) ("[A]n

in *May v. Sheahan* is representative: "there can be no doubt that a [qualified-immunity] appeal divests a district court of the authority to order discovery or conduct other burdensome pretrial proceedings." 226 F.3d 876, 880 (7th Cir. 2000). Blankenship likewise overlooks the three reported instances in which other judges in this district (including Judge Ellis) recognized that a collateral-order appeal on immunity grounds automatically stays proceedings in the district court, mooting the need to decide whether a discretionary stay is warranted.[2]

That same rule applies here.

## IV. A stay would also be warranted under the traditional four-factor test, and Blankenship's concern about delaying his case against McLaughlin can be addressed by severance.

Because a stay arises by operation of law, only a brief response is needed to show why a discretionary stay would also be warranted under the traditional four-factor test.

First, Blankenship ignores the Supreme Court's holding that the likelihood-of-success factor can be met by showing "a substantial case on the merits." *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987)). He unfairly accuses Blakeman of somehow changing the "accent" in the quotation from *Northrop Grumman Tech. Services, Inc. v. DynCorp Int'l LLC*, No. 1:16cv534

---

interlocutory appeal from an order refusing to dismiss on . . . qualified immunity grounds relates to the entire action and, therefore, it divests the district court of jurisdiction to proceed with any part of the action against an appealing defendant."); *Apostol v. Gallion*, 870 F.2d 1335, 1340 (7th Cir. 1989) ("further proceedings in the district courts concerning the defendants who have filed notices of appeal are stayed"); *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986) ("*Mitchell* necessarily holds that the court is further obligated, upon application, not only to refrain from proceeding to trial but to stay discovery until that issue is decided.").

[2] *See Glover v. Hryniewich*, 438 F. Supp. 3d 625, 643-45 (E.D. Va. 2020) (Morgan, J.), *appeal docketed*, No. 20-1169 (4th Cir. Feb. 11, 2020); *Adams v. Naphcare*, No. 2:16-cv-00229-RBS-LR, 2017 U.S. Dist. LEXIS 232690, at *4–5 (E.D. Va. May 8, 2017) (Beach Smith, J.); *Eckert*, 834 F. Supp. at 174-75 (Ellis, J.).

(JCC/IDD), 2016 WL 3346349, at *2 (E.D. Va. June 16, 2016) (Cacheris, J.). Opp'n at 13 n.4.

But the emphasis there was added by Judge Cacheris, not Blakeman, and it bears repeating:

> In assessing the likelihood of success on appeal, the "standard does not require the trial court to change its mind or conclude that its determination on the merits was erroneous. Rather, the court must determine whether there is a strong likelihood that the issues presented on appeal *could be rationally resolved* in favor of the party seeking the stay."

2016 WL 3346349 at *2 (quoting *United States v. Fourteen Various Firearms*, 897 F. Supp. 271, 273 (E.D. Va. 1995) (Payne, J.).

That standard is easily met here because Blankenship is unable to point to any well-pleaded facts showing that Blakeman knew it was false to call Blankenship a "felon" or that Blakeman had a "high degree of awareness of . . . probable falsity." *Harte–Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 667 (1989) (citation omitted). Blankenship cannot simply allege the bare elements of "actual malice"—that "Blakeman acted with actual knowledge or reckless disregard of the falsity of his statement." Opp'n at 14. That evades the Fourth Circuit's admonition that such "conclusory assertion[s]" of actual malice are "precisely the sort of allegations that *Twombly* and *Iqbal* rejected." *Mayfield v. NASCAR*, 674 F.3d 369, 378 (4th Cir. 2012) (discussing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, there is a strong likelihood that, applying *Mayfield*, the Fourth Circuit could rationally decide that Blakeman's motion to dismiss should have been granted. Indeed, this Court itself found that to be a very "close" question, denying the motion to dismiss and allowing the case to proceed only out of "an abundance of caution." Tr. 6:12, 17:23–24 (ECF No. 41).

Blankenship is wrong to claim that Blakeman's collateral-order appeal based on anti-SLAPP immunity is somehow so "narrow" that the Fourth Circuit will not be able to address

whether Blankenship pleaded sufficient facts to state a defamation claim under the "actual malice" standard. Opp'n at 4. The collateral-order appeal is necessarily limited to whether anti-SLAPP immunity applies; this is not a defect but a feature of Blakeman's notice of appeal based on the collateral-order doctrine. But the question whether anti-SLAPP immunity applies is coextensive with the actual-malice question itself. Blankenship concedes as much, referring to "the actual malice exception to the Virginia Anti-SLAPP Law," *id.* at 14, and insisting that § 8.01-223.2 allows liability for "statements made with actual malice," *id*. at 16. The Fourth Circuit must necessarily decide if Blankenship has pleaded sufficient facts to show "actual malice" under *Mayfield* in order to determine if anti-SLAPP immunity applies.

Second, the harm to Blakeman of being dragged through un-stayed litigation based on his exercise of First Amendment rights readily qualifies as irreparable harm. It is the very type of nonmonetary injury that anti-SLAPP laws are designed to protect against. *E.g.*, *DC Comics*, 706 F.3d at 1015–16. Such harm "unquestionably constitutes irreparable injury." *Henry*, 566 F.3d at 180 (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). That harm is not eliminated by the prospect of an attorney's fee recovery. For one thing, even a full fee recovery would not eliminate the First Amendment chilling effect. For another, any fee award is discretionary under § 8.01-223.2(B) and therefore uncertain. Blankenship's authorities are not to the contrary. They simply show that a *recoverable* economic loss generally does not constitute irreparable harm. *E.g.*, *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) ("*Recoverable* monetary loss may constitute irreparable harm only where the loss threatens the very existence of the movant's business.") (emphasis added); *ePlus, Inc. v. Lawson Software, Inc.*, 946 F. Supp. 2d 503, 510 (E.D. Va. 2013) (finding no irreparable harm in having to post a bond or pay a recoverable fine pending appeal). Here, Blankenship cannot provide any assurance that

13

Blakeman's fees will be recovered if he wins.  But even more importantly, the First Amendment chilling effect in the interim cannot be remedied at all.

Third, a stay of proceedings as to Blakeman will not "substantially injure" Blankenship. Opp'n at 17.  Blankenship complains that since McLaughlin did not appeal, a stay as to Blakeman will effectively put the case against McLaughlin on a separate "track," and potentially delay the trial.  *Id.*  But the only reason Blankenship sued Blakeman and McLaughlin together in this court is because both reside in Virginia and were dismissed from the omnibus West Virginia case for lack of personal jurisdiction.  *Blankenship v. Napolitano*, No. 2:19-CV-00236, 2020 WL 1548060, at *15, 17, 25 (S.D.W. Va. Mar. 31, 2020).  The complaint here contains no factual allegation showing any joint action or coordination between McLaughlin and Blakeman. Nonetheless, even assuming for argument's sake that the interlocutory appeal would delay a trial as to McLaughlin, Blankenship fails to show how *that* constitutes substantial injury, let alone irreparable harm.

Moreover, any such delay could be easily avoided by severing the claims against McLaughlin, which this Court can do under Rule 21, "at any time," whether on motion of the parties or "on its own."  Fed. R. Civ. P. 21.  "District courts have broad discretion in determining whether severance of a claim is warranted, including the power to do so *sua sponte*."  *Harrison v. Fed. Bur. of Prisons*, No. 16-819 (RDM), 2019 WL 147720, at *4 (D.D.C. Jan. 9, 2019). District judges are not limited to using their severance power only "sparingly."  *Martinez v. Duke Energy Corp.*, 130 F. App'x 629, 637 (4th Cir. 2005).  Thus, if Blankenship is truly determined to go to trial against McLaughlin as soon as possible, he should welcome severance.

Finally, the public interest is vindicated by staying proceedings pending an anti-SLAPP appeal.  The "constitutionally-protected rights to free speech" shielded by an anti-SLAPP statute

are among society's most important freedoms.  *DC Comics*, 706 F.3d at 1015–16.  The interest

here is "not mere avoidance of a trial, but avoidance of a trial *that would imperil a substantial*

*public interest*."  *Henry*, 566 F.3d at 180 (quoting *Will v. Hallock*, 546 U.S. 345, 353 (2006)).

The public interest in protecting free speech rights thus warrants a stay pending appeal.  The

public interest will also be served by obtaining an authoritative and precedential decision from a

higher court on the scope of Virginia's anti-SLAPP statute.

## CONCLUSION

The Court should enter an order in the form previously submitted (ECF No. 45-1) that all

further proceedings against Blakeman in this Court are stayed pending disposition of Blakeman's

appeal.

Respectfully submitted,

**BRADLEY BLAKEMAN**

By: *Stuart A. Raphael*
Counsel

Elbert Lin (VSB # 92740)  
David Parker (VSB # 85619)  
HUNTON ANDREWS KURTH LLP  
951 E. Byrd Street  
Richmond, VA 23219  
804-788-8200 office  
804-788-8218 fax  
elin@HuntonAK.com  
dparker@HuntonAK.com  

Stuart A. Raphael (VSB # 30380)  
Sona Rewari (VSB # 47327)  
HUNTON ANDREWS KURTH LLP  
2200 Pennsylvania Avenue, NW  
Washington, DC 20037  
202-419-2021 office  
202-828-3728 fax  
sraphael@HuntonAK.com  
srewari@HuntonAK.com  

*Counsel for Defendant Bradley Blakeman*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2020, I electronically filed this document with the

Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all

CM/ECF participants.

*Stuart A. Raphael* (VSB #30380)
